AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

_____ DISTRICT OF MASSACHUSETTS _____

UNITED STATES OF AMERICA

V.

DAISY ARIAS

**CRIMINAL COMPLAINT**

CASE NUMBER: MJ04-m-229 JLA

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about May 26, 2004 in Suffolk county, in the District of Massachusetts defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally possess cocaine, a Schedule II controlled substance, with intent to distribute

in violation of Title 21 United States Code, Section(s) 841(a)(1).

I further state that I am a(n) DEA Special Agent and that this complaint is based on the following
                                   Official Title
facts:

See Affidavit of Robert E. Donovan attached hereto and incorporated by reference herein

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_Robert E. Donovan_
Signature of Complainant

Sworn to before me and subscribed in my presence,

05-27-2004                                                        at                    Boston, Massachusetts
Date                                                                                       City and State

Joyce London Alexander
United States Magistrate Judedge                                         _Joyce London Alexander_
Name & Title of Judicial Officer                                                  Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

**Affidavit Of Robert E. Donovan**

I, Robert E. Donovan, on oath, depose and state that:

1. I am a Special Agent with the Drug Enforcement Administration ("DEA") and I have been so employed for approximately 6 ½ years. Prior to that, I was employed for approximately 7 years as a police officer for Saints Memorial Medical Center in Lowell, Massachusetts. I have a B.S. degree in Criminal Justice from Northeastern University and a J.D. degree from New England School of Law. I am currently assigned to DEA's Drug Task Force stationed at Logan Airport in Boston and I have been so assigned for approximately 10 months. I have received specialized narcotics training from DEA and, during my career, I have been involved in numerous drug investigations.

2. I am submitting this affidavit in support of a criminal complaint against Daisy Arias ("Arias"), who was born in 1964 and who currently resides at 216 Broadway, Apt. #2, in Lawrence, Massachusetts, charging Arias with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Arias stated to me that she is Dominican but that she was born in New York City. The last four digits of her social security number are 0743. Since I am submitting this affidavit for the limited purpose of establishing probable cause, I have not detailed each and every fact that I have learned during this investigation.

3.  At about 6:00 p.m. on Wednesday, May 26, 2004, I received a call from the Massachusetts State Police at Logan Airport concerning a female airline passenger who had been stopped by the Transportation Security Administration ("TSA") screeners at Terminal E, which is the international terminal. I went to that terminal and I spoke to a TSA screener, who stated that Arias had been passing through the security checkpoint as an outbound passenger on a Northwest Airlines flight to Amsterdam. The screener then conducted a secondary check of Arias and discovered that there was something under Arias's shirt and wrapped around her waist. The screener stated that TSA personnel then notified the Massachusetts State Police. As the TSA screener was talking to me, I observed that Arias was sitting nearby. At one point, Arias stated that the object wrapped around her waist was "a brace" from a prior operation.

4.  After a short delay, two female TSA screeners arrived and brought Arias into a side room to investigate further the object wrapped around Arias's waist. The screeners lifted up Arias's shirt and observed 7 large plastic packages wrapped in duct tape around Arias's mid-section. The packages were removed and handed to me. I observed that there was a yellow-black substance inside each package. Fair and accurate color copies of the packages and the duct tape wrapping are attached to this affidavit as Exhibits A, B, and C.

5. Based on my training and experience, I recognized the packages as containing a controlled substance. I have seen controlled substances packaged in this fashion on numerous prior occasions at Logan Airport. I opened one of the packages and observed that it contained a powder consistent in appearance with compressed cocaine. I field-tested the powder and obtained a positive result for the presence of cocaine. I know that cocaine is a Schedule II controlled substance under federal law. I subsequently weighed the packages and determined that the total weight was over 2 kilograms. Based on my training and experience, I believe that this quantity of cocaine is consistent with an intent to distribute and not for personal use.

6. DEA Task Force Agent Shawn Murray and I placed Arias under arrest and advised Arias of her constitutional rights. Arias spoke English and acknowledged that she understood her rights. I took Arias to the State Police barracks at Logan Airport, where she was booked. During booking, Arias stated that she resided at 216 Broadway, Apt. #2, in Lawrence. During the booking process, Arias was again advised of her constitutional rights and she signed a written form acknowledging those rights and agreeing to waive them and to speak with me.

7. I spoke with Arias, who stated that she knew a man named "Orlando" in Lawrence, that she did not know where "Orlando" resided, and that she knew "Orlando" from "the streets"

3

in Lawrence. Arias stated that, approximately one year earlier, "Orlando" approached her about transporting drugs for him, stating that he was a drug trafficker, and that she declined the offer. Arias stated that she declined other offers by "Orlando" but that she agreed to transport drugs about two weeks earlier because she needed the money. Arias stated that "Orlando" took down her personal information so that he could buy her tickets.

8.   Arias further stated that she met "Orlando" in Lawrence on Tuesday, May 25, and that he instructed Arias to meet him the next day in Methuen, stating that Arias would be going to Zurich via Amsterdam and that she would be paid $5,000 upon her return to the United States.

9.   Arias further stated that she had a friend drive her to an apartment in Methuen on Wednesday, May 26 and that "Orlando" and an unknown female were inside the apartment. Arias stated that "Orlando" was packaging the drugs in kitchen and that the yellow-black substance was a mixture of mustard and grease designed to avoid detection by narcotics canines. Arias stated that she observed a total of 10 kilograms of cocaine in the kitchen. Arias stated that "Orlando" attempted to strap all 10 kilograms around her waist but that it would not fit right so they extracted certain packages until the fit was right. Arias stated that "Orlando" duct-taped the cocaine around her mid-section and that he drove her to the airport while the female

remained at the apartment.

10.  Arias stated that, during the drive, "Orlando" advised Arias about going through the security checkpoint. Arias stated that "Orlando" stated there would be a second female passenger on the same flight, that Arias should look for this woman (with a description provided by "Orlando"), and that Arias should help this woman get on the flight because she did not speak English. Arias stated that "Orlando" gave her the airline tickets, $200 in cash, and the name of a hotel in Zurich. Arias stated that "Orlando" said Arias would be met by someone at the airport in Zurich and that she was supposed to give the drugs to persons in Zurich.

11.  Arias stated that, when she arrived at the terminal, she found the woman and helped her get her ticket. Arias stated that the woman did not speak English and that Arias did not know this woman. Arias stated that she was stopped as she went through the security checkpoint and that she had never done this before.

12.  I recovered from Arias a boarding pass indicating that Arias was flying on a Northwest Airlines flight from Boston to Amsterdam. I also recovered from Arias an intineray indicating that her flight was going to Amsterdam and then to Zurich, Switzerland. I also recovered from Arias a United States passport in her name indicating that she had traveled into and

5

out of the United States on prior occasions in 2004.

13. Based on the foregoing, I submit that there is probable cause to believe that Daisy Arias did knowingly and intentionally possess cocaine, a Schedule II controlled substance, with intent to distribute in Suffolk County, in violation of 21 U.S.C. §841(a)(1).

*Robert E. Donovan*
Robert E. Donovan
Special Agent, DEA


Sworn to and subscribed before me this 27th day of May 2004.

*Joyce London Alexander*
Joyce London Alexander
United States Magistrate Judge
District of Massachusetts



Exhibit A





Exhibit C

JS 45 (5/97) - (Revised USAO MA 1/15/04)

| **Criminal Case Cover Sheet** | **U.S. District Court - District of Massachusetts** |
|---|---|

Place of Offense: _____  Category No. **II**  Investigating Agency **DEA**

City **Boston**   Related Case Information:

County **Suffolk**   Superseding Ind./ Inf. _____  Case No. _____
  Same Defendant _____  New Defendant _____
  Magistrate Judge Case Number **MJ04-M-229-JLA**
  Search Warrant Case Number _____
  R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name **Daisy Arias**   Juvenile  ☐ Yes  ☒ No

Alias Name _____

Address **216 Broadway, Lawrence, MA**

Birth date (Year only): **1964**  SSN (last 4 #): **0743**  Sex **M**  Race: **Hispanic**  Nationality: **USA**

Defense Counsel if known: **Timothy Watkins**   Address: **Federal Defender Office, Boston, MA**

Bar Number: _____

**U.S. Attorney Information:**

AUSA **Michael J. Pelgro**   Bar Number if applicable _____

Interpreter:  ☐ Yes  ☒ No   List language and/or dialect: _____

Matter to be SEALED:  ☐ Yes  ☒ No

☐ Warrant Requested   ☐ Regular Process   ☒ In Custody

**Location Status:**

Arrest Date: **May 26, 2004**

☒ Already in Federal Custody as **May 27, 2004** in **USMS**
☐ Already in State Custody _____  ☐ Serving Sentence  ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____ on _____

Charging Document:  ☒ Complaint  ☐ Information  ☐ Indictment

Total # of Counts:  ☐ Petty ___  ☐ Misdemeanor ___  ☒ Felony  **1 count**

Continue on Page 2 for Entry of U.S.C. Citations

☒  I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: **5/27/04**   Signature of AUSA: *[signature]*

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**   Daisy Arias

U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  21/841(a)(1) | PWID Cocaine | |
| Set 2 | | |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:** _____

js45.wpd - 1/15/04 (USAO-MA)